IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KOWAN PLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   2:19-cv-115-ECM-SRW |
| | ) |
| TODD STRANGE et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Kowan Plain filed this action against Defendant Todd Strange, the former mayor of Montgomery, Alabama; Defendant Armstead Lester Hayes, III, a judge in the City of Montgomery Municipal Court; a defendant identified as "Westley" (possibly intended as a reference to Judge Milton J. Westry), likewise a judge in the City of Montgomery Municipal Court; and Defendant Lt. Ward, an officer of the Alabama Department of Public Safety. On March 13, 2019, the court granted Plaintiff's application for leave to proceed *in forma pauperis*, ordering the clerk to defer service of process on the Defendants until further order of the court, pending review of Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e).[1]  Doc. 7.

In conducting the mandatory review pursuant to 28 U.S.C. § 1915(e), the court determined

---

[1] In connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B)   the action . . .
>
>    (i)   is frivolous or malicious; [or]
>
>    (ii)   fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

that Plaintiff's complaint (Doc. 1) contained deficiencies that, unless corrected, mandated dismissal of the case for failure to state a claim.  *See* Doc. 9.  The court explained these deficiencies in detail, giving specific direction to assist Plaintiff in clarifying his claims to facilitate further proceedings.  *Id*.  The court ordered Plaintiff to file an amended complaint by October 28, 2019, instructing that

> [s]uch amended complaint shall comply with the Federal Rules of Civil Procedure and shall (1) clearly state which causes of action [Plaintiff] intends to state against the Defendants, and (2) for each cause of action alleged, set forth all of the material facts giving rise to the cause of action clearly and concisely, separately for each Defendant, without omitting any of the necessary facts as discussed in this order. [Plaintiff] is cautioned that should he fail to submit an amended complaint in compliance with this order, his case may be dismissed.

*Id*.  On October 24, 2019, Plaintiff moved for an extension of time until December 15, 2019 to file the amended complaint, stating that he was attempting to secure counsel. Doc. 10. The court granted the motion and cautioned Plaintiff "that should he fail to submit an amended complaint in compliance with this order and the order dated October 9, 2019 (Doc. 9), his case may be dismissed." Doc. 11 (emphasis in original).

## RULE 41(B) DISMISSAL

"If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may sua sponte dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record of willful conduct and a finding that lesser sanctions are inadequate."  *Levinson v. WEDU-TV*, 505 F. App'x. 919, 920 (11th Cir. 2013); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2010) ("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'") (citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 630 (1962)).

The court ordered Plaintiff to amend his complaint—and gave him specific direction about how to do so—in order to clarify his claims and to enable the Defendants to frame an adequate response to the complaint. Plaintiff's failure to comply with two court orders, in the face of warnings that noncompliance may result in dismissal of his claims and the absence of any satisfactory explanation from Plaintiff, demonstrates a clear pattern of willful disobedience to the orders of this court. Because Plaintiff's present complaint does not comport with the pleading requirements of Rule 8(a), and because it does not permit the Defendants to frame an adequate response, the court concludes that dismissal without prejudice is the appropriate action. The court is mindful of the caution which should attend dismissal of *pro se* cases, but it nevertheless recommends dismissal because Plaintiff has had more than a reasonable opportunity to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Request for Preliminary Injunction (Doc. 8) be denied as moot, and that this action be DISMISSED without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to Plaintiff's failure to prosecute this action or to comply with the orders of the court.

It is further ORDERED that the Plaintiff shall file any objections to this Recommendation **on or before February 5, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a  de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982); 11th Cir. R. 3-1; *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 21st day of January, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge